**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDIRA FALCON,

Plaintiff,

v. Case No. 8:23-cv-2340-TPB-JSS

TELEVISAUNIVISION DIGITAL, INC.,

Defendant.
_______________________________________/

**DEFENDANT'S UNOPPOSED MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF THE MOTION TO COMPEL ARBITRATION**

Defendant TelevisaUnivision Digital, Inc. ("TelevisaUnivision") respectfully moves unopposed to stay discovery pending resolution of TelevisaUnivision's Motion to Compel Arbitration (Doc. 22). Plaintiff does not oppose Defendant's request for a stay but otherwise disputes Defendant's contentions that Plaintiff's and the class member's claims are subject to arbitration.

## INTRODUCTION

Because this case requires arbitration, good cause exists to stay discovery pending resolution of the Motion to Compel Arbitration. The motion to compel arbitration is meritorious and a brief stay will prejudice neither party. In fact, requiring TelevisaUnivision to respond to Plaintiff's pending discovery may prejudice TelevisaUnivision's ability to preserve its right to compel arbitration.

## BACKGROUND

TelevisaUnivision operates ViX.com, a Spanish-language video streaming service. Plaintiff claims that TelevisaUnivision violated the Video Privacy Protection Act ("VPPA") by allegedly disclosing to third parties information about videos she watched. After filing on October 16, 2023, Plaintiff amended the complaint on December 6 to name the correct party, and TelevisaUnivision waived service. (Docs. 16, 17). The parties filed a case management report on January 8, 2024, in which TelevisaUnivision expressly preserved its right to compel arbitration. (Doc. 20 at 1, n.*). Consistent with its right to arbitrate, TelevisaUnivision has not engaged a defense on the merits in this action.

On January 11, 2024, Plaintiff served voluminous discovery: fifty-five requests for production, fourteen interrogatories, and twenty-two requests for admission. The requests are broad and seek, among other things, information regarding the "total number of Class Members" and information for "each Class Member" regarding "(a) their internet protocol address; (b) their Facebook identification number; (c) their account or subscription number assigned by [TelevisaUnivision]; (d) the dates on which they were Tracked by You; and (e) the dates on which [TelevisaUnivision] provided any information or data to Meta regarding their requesting, obtaining, viewing, renting, selecting, and/or purchasing prerecorded video or similar audio visual materials available on [ViX.com]."

On February 5, 2024, TelevisaUnivision moved to compel arbitration and stay this action pending arbitration. (Doc. 22). Defendant further moves to stay discovery pending resolution of its motion to compel arbitration.

**LEGAL STANDARD**

Under Rule 26(c), Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Similarly, a district court has the "inherent power to control their dockets and manage cases." *See Squitieri v. Nocco*, 2021 WL 10170873, at *3 (M.D. Fla. Jan. 14, 2021). A court issues a stay "if there is good cause, such as 'the elimination of unnecessary expenditures of time, money, and other resources.'" *See Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *1 (M.D. Fla. Feb. 14, 2008); *see also Johnson v. Whaleco, Inc.*, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) ("And for good cause, the Court may protect a party from undue burden and expense.").

The legal standard favors a stay of discovery pending a decision on the Motion to Compel Arbitration. If a party moves to compel arbitration, a court "may stay discovery . . . unless there are exceptional circumstances militating against a stay." *See Shireman v. Tracker 4 Marine, LLC*, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018) (staying discovery); *see also, Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, 2016 WL 4769748, at *1 (M.D. Fla. Mar. 2, 2016) ("A court may stay discovery pending resolution of a motion to compel arbitration."). Because an order compelling arbitration would obviate discovery requests, "'the Court inevitably must balance the

harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Shireman*, 2018 WL 11482799, at *3 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Allowing "discovery to proceed in a case that may be subject to arbitration could 'frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion.'" *Sundial Partners*, 2016 WL 47699748, at *1 (quoting *Niven v. Dean Witter Reynolds, Inc.*, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985)); *Smith v. Davison Design & Dev., Inc.*, 2013 WL 12155489, at *1 (M.D. Fla. Dec. 18, 2013) ("[R]efusal to stay discovery on the merits of the claims until the issue of arbitrability is resolved puts the cart before the horse.") (internal quotations and citations omitted). "As long as delaying discovery does not cause Plaintiff 'any significant harm,' then a stay of discovery is appropriate." *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 WL 1468514, at *1 (M.D. Fla. Feb. 19, 2019) (quoting *Ave Maria Univ. v. Sebelius*, 2012 WL 135059434, at *2) (M.D. Fla. Nov. 28, 2012).

## ANALYSIS

### I. A Stay of Discovery is Warranted Because TelevisaUnivision Moves to Compel Arbitration.

Courts within this district regularly stay discovery while a motion to compel arbitration is pending. *See Shireman*, 2018 WL 11482799, at *2 ("A court may stay discovery in a case where a pending dispositive motion seeks to compel arbitration, unless there are exceptional circumstances militating against a stay."); *see also Morat*,

2008 WL 11336388, at *2 ("The Court finds that Defendant's Motion to Compel was filed in good faith, and as a result, discovery into the underlying merits of the FACTA claim and the Rule 26(f) conference shall be temporarily stayed pending the resolution of the Motion to Compel Arbitration."). TelevisaUnivision moved to compel arbitration in good faith, and no "exceptional circumstances" warrant denying a stay of discovery. *Shireman*, 2018 WL 11482799, at *2.

In fact, allowing discovery to proceed may prejudice TelevisaUnivision. Courts may interpret participation in discovery as participation in litigation, and therefore, as a waiver. *See Sundial Partners*, 2016 WL 47699748, at *1 (quoting *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011) ("Such a stay may be warranted because 'participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate.'")).

Further, allowing discovery to proceed would undermine the purpose of arbitration and contravene the ViX Terms of Use. Courts regularly observe that allowing discovery while a motion to compel arbitration pends can "'frustrate one of the purposes underlying arbitration, namely the inexpensive and expedient resolution of disputes and the easing of court congestion.'" *Sundial Partners*, 2016 WL 47699748, at *1 (quoting *Niven v. Dean Witter Reynolds, Inc.*, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985)); *see also Shireman*, 2018 WL 11482799, at *2 (same)). In short, allowing discovery would force TelevisaUnivision "to engage in district court proceedings that

[Defendant] contends it contracted to avoid through arbitration." *See Johnson*, 2023 WL 6292691, at *1.

Further, allowing discovery would promote inefficiency and waste of judicial resources. If the Court compels arbitration, the case will be automatically stayed and discovery will cease pending resolution of arbitration. 9 U.S.C. § 3; *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) ("For arbitrable issues, the language of Section 3 indicates that the stay is mandatory."). If the Court denies arbitration, TelevisaUnivision has a statutory right to an appeal of that decision. 9 U.S.C. § 16(a)(1)(B). And while any appeal of a denial of a motion to compel arbitration pends, the Court must stay discovery. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1923 (2023). In other words, if the motion to compel arbitration is granted, discovery will be stayed under 9 U.S.C. § 3, and if the motion to compel arbitration is denied, discovery will be stayed under *Coinbase* during any appeal. Either way, discovery will likely be stayed and it will be inefficient to permit discovery now.

## II. The Motion to Compel Arbitration is Meritorious.

The motion to compel arbitration further warrants a stay of discovery because a "preliminary peek" of the motion reveals that it has merit. *George*, 2019 WL 1468514, at *1 (quoting *Feldman*, 175 F.R.D. at 652–53). TelevisaUnivision submits that the Motion to Compel Arbitration is meritorious because Plaintiff agreed to the ViX Terms of Use, which contains an agreement to arbitrate this dispute. (*See* Doc. 22).

### III. A Stay of Discovery Will Not Prejudice any Party.

A stay pending resolution of the Motion to Compel Arbitration will not prejudice Plaintiff. There is no time-sensitive discovery in this action. By contrast, proceeding with this putative class-action will prejudice TelevisaUnivision with a costly-time-consuming, burdensome, and unnecessary process. *See Morat*, 2008 WL 11336388, at *2 ("As Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration."). Because compelling arbitration will eliminate burdensome discovery, the Court should stay discovery pending resolution of the Motion to Compel Arbitration. *See id*. ("If the Motion to Compel Arbitration is granted, the need for merits discovery will be eliminated.")

## CONCLUSION

For the foregoing reasons, TelevisaUnivision respectfully requests that the Court stay all discovery in this action pending resolution of the Motion to Compel Arbitration.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff does not oppose Defendant's request for a stay but otherwise disputes Defendant's contentions that Plaintiff's and the class member's claims are subject to arbitration.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Daniel A. Silver*
Jason H. Baruch (lead counsel)
Florida Bar No. 10280
jason.baruch@hklaw.com
Mark S. Melodia
(admitted *pro hac vice*)
mark.melodia@hklaw.com
Daniel A. Silver
Florida Bar No. 1045179
daniel.silver@hklaw.com
**HOLLAND & KNIGHT LLP**
100 N. Tampa St., Suite 4100
Tampa, Florida 33602
Phone: 813-227-8500
Fax: 813-229-0134

*Attorneys for TelevisaUnivision Digital, Inc.*