UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INDIRA FALCON,

     Plaintiff,

v.                                                                    Case No: 8:23-cv-2340-TPB-JSS

TELEVISAUNIVISION DIGITAL,
INC.,

     Defendant.

_____/

### ORDER

     Defendant moves to stay discovery pending resolution of its Motion to Compel Arbitration (Dkt. 22).  (Motion, Dkt. 23.)  Plaintiff does not oppose Defendant's request for a stay, but otherwise opposes the Motion to Compel Arbitration.  *See* (*Id.*)  Upon consideration, Defendant's Motion to Stay is granted.

     Courts maintain great discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).  In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness.  *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  A court may stay discovery pending resolution of a motion to compel arbitration.  *See, e.g.*, *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting

cases).  "In deciding whether to stay discovery pending resolution of a motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *United States v. Space Coast Med. Assocs., L.L.P.*, No. 6:13-cv-1068-Orl-22TBS, 2014 WL 12616951, at *1 (M.D. Fla. Dec. 3, 2014) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  Thus, it is necessary for the court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53 (internal quotations removed).

Upon consideration, Defendant has demonstrated good cause and reasonableness to stay discovery pending resolution of its Motion to Compel Arbitration.  Initially, Plaintiff does not oppose the requested stay.  *See* (Dkt. 23.)  Further, although Plaintiff continues to oppose the Motion to Compel Arbitration, a preliminary peek at that motion reveals that it is directed to the entirety of this case and may result in the staying and arbitration of this matter as a whole.  *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (finding that magistrate judge did not err in staying discovery after taking "preliminary peek" at motions to compel arbitration and dismiss and determining "that they were likely meritorious and dispositive of the case").  Moreover, no party has identified harm from the requested stay and Defendant has identified potential harm that it would face should discovery be permitted in this action, including that its participation in discovery could be interpreted as a waiver of arbitration and that permitting discovery would undermine

the purposes of the arbitration and waste resources that could otherwise be conserved if this matter was arbitrated.  (Dkt. 23 at 4–6); *see Harrell's*, 2011 WL 1596007, at *2 ("participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate"); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018) (permitting discovery to proceed in a case that may be subject to arbitration could "frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion") (quoting *Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, No. 8:15-cv-01690-CEH-JSS, 2016 WL 4769747, at *1 (M.D. Fla. Feb. 3, 2016)); *see also Morat*, 2008 WL 11336388, at *2 ("As Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration.")

Accordingly:

1. Defendant's Unopposed Motion to Stay Discovery Pending Resolution of the Motion to Compel Arbitration (Dkt. 23) is **GRANTED**.

2. All discovery in this matter is stayed pending resolution of Defendant's Motion to Compel Arbitration (Dkt. 22).

**ORDERED** in Tampa, Florida, on February 15, 2024.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record