**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**CASE NO. 8:23-cv-02340-TPB-JSS**

INDIRA FALCON, individually and
on behalf of all others similarly situated,

*Plaintiff*, vs.

TELEVISAUNIVISION INTERACTIVE MEDIA, INC.

*Defendant*.
_______________________________________/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Under Local Rule 3.01(i), Plaintiff, Indira Falcon. files this notice of supplemental authority supporting her argument in its Response in Opposition to Defendant's Motion to Compel Arbitration (Doc. 24) that the ViX Terms of Use hyperlink are not clear and conspicuous and there is not the required notice.

> The law recognizes two types of internet agreements: clickwrap agreements and browsewrap agreements. *See Goldstein v. Fandango Media, LLC*, 2021 WL 6617447, at *2 (S.D. Fla. July 27, 2021) (citations omitted). "A browsewrap agreement occurs when a website provides a link to the terms and conditions but does not require the user to click a separate acknowledgment checkbox before continuing." Id. The agreement here is a form of a browsewrap agreement because it provides a link to a separate webpage with terms and conditions and does not require the user to click an acknowledgment checkbox. To be enforceable, a hyperlink to a browsewrap agreement must be conspicuous enough to put a reasonably prudent person on inquiry notice of the terms and conditions therein. See id. Although this is a case-specific inquiry, courts commonly consider the following factors when analyzing browsewrap agreements: color, size, positioning, language, and design of the hyperlink and its accompanying text. *See, e.g., Kravets v. Anthropologie, Inc.*, 2022 WL 1978712, at *4 (S.D. Fla. June 6, 2022); *Goldstein*, 2021 WL 6617447, at *3.

> In this case, the factors weigh in favor of finding that the hyperlink and related text fail to provide inquiry notice. First, it is generally recognized that hyperlinks are usually displayed in a blue font, as a means to stand out from the rest of the page. *See, e.g., Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022) ("Customary design elements denoting the existence of a hyperlink include the use of a contrasting font color (typically blue) and the use of all capital letters . . . ."). Here, the hyperlinks and related text are both in light gray font, not blue, and the hyperlinks are underlined but not displayed in all capital letters. Merely underlining the hyperlinks, without more, does not provide sufficient contrast from the other gray font of identical size and capitalization on the webpage and black background. Moreover, the hyperlinks are placed beneath, rather than above, the two large bright red subscription buttons containing the monthly and annual subscription options in larger, bolded font. Under these circumstances, a reasonable user would not be on inquiry notice that there were hyperlinks on Zeus' subscription webpage containing important terms and conditions that the user should click

*Tejon v. Zeus Networks, LLC,* Case 24-cv-20498-PCH (S.D. Fla. March 26, 2024)(emphasis added). A copy of the decision is attached hereto as **Exhibit A**.

Date: March 26, 2024

Respectfully submitted,

**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301

*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
Email:
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**Hiraldo P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard

Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*